### STEYSKAL v. DETROIT JOURNAL CO.

LIBEL—CONDUCT OF JAILER—DAMAGES.

> A newspaper article which states that a jailer accepted a gold watch from a prisoner as security for five dollars, advanced to pay his fine, and that the watch was subsequently identified as one that the prisoner had stolen, will not support a verdict for plaintiff in a libel suit brought by the jailer, where there is no proof of special damages.

Error to Wayne; Donovan, J. Submitted October 19, 1898. Decided January 20, 1899.

Case by Mathias Steyskal against the Detroit Journal

Company and others for libel.    From the judgment
rendered, both parties bring error.    Reversed.

This is an action of libel, based upon the following pub-
lication in the Detroit Journal:

### "JOKE ON STEYSKAL.

"BOUGHT A STOLEN WATCH TO HELP A PRISONER.

"Winfred M. Raymond, 24 years of age, who gives his
residence as 961 Sixteenth street, was locked up in the
Central station this morning, charged with the larceny of
a revolver, two watches, and $25.00 in cash, the property
of Wm. S. Gill, of 920 Grand River avenue.    A few days
ago Raymond was arraigned at the early session of the
police court, charged with being drunk and disorderly.
He was fined $10.00 by Justice Whelan, who told the
prisoner he would stand committed to the House of Cor-
rection for a period of six months if the fine was not paid.
Raymond had $5.00 in cash, and, not liking to spend the
holidays at the workhouse, disposed of a gold watch to
Turnkey Steyskal at the county jail for the other $5.00,
paid his fine, and was released.    He then went to Belle
River, Canada.    Monday morning Mr. Gill reported his
loss to the police, and he identified the watch given to Mr.
Steyskal as part of the stolen property.    An effort was
then made to find Raymond, and he was finally located at
Belle River.    He refused to come back to the States, and
extradition papers were secured.    In the police court this
morning he pleaded not guilty to the charge made against
him, and will have his examination next Tuesday."

The facts are that Raymond was found guilty of being
drunk and disorderly, and fined $10.    He had $5 in cash
and a gold watch.    Plaintiff was the jailer.    One Peter
Knauss was his deputy.    Knauss took the responsibility
of discharging Raymond on his promise to pay the other
$5, leaving the watch with him as security.    Knauss
turned the watch over to plaintiff, to be kept with other
property taken from prisoners.    Plaintiff testified that
Knauss did not inform him that he held the watch as
security.    He also testified that Knauss told him he would
pay the fine, and that, when Knauss put the watch in the
drawer, he said to plaintiff: "There will be a man here

after it. When he comes, call me. The man will be back, and pay his fine, and claim his property." The watch was stolen, and Raymond was arrested for the larceny, and convicted. The court directed a verdict in favor of defendants Palmer and Livingstone, and submitted the question as against the defendant Detroit Journal Co. to the jury, who found a verdict for plaintiff of $200.

*James H. Pound*, for plaintiff.

*Cutcheon & Stellwagen*, for defendants.

GRANT, C. J. (*after stating the facts*). We need consider but one question. The article was not libelous. Plaintiff claims no injury in his business, and the court so instructed the jury. There is no evidence that his reputation was injured. He testified that the following evening, in a restaurant, some half dozen persons jokingly asked him what time it was, and that one of them said to him, "They have your picture in the paper," to which plaintiff testified: "I laughed at him, and he says: 'I feel sorry. That is a bad article.'" The article charges no criminal or immoral conduct. Construed most strongly, it meant only this: That the prisoner was willing to part with the gold watch to obtain $5 to pay his fine, and that plaintiff took it to enable him to do so. The court should have directed a verdict for the defendant.

Judgment reversed, and no new trial ordered.

The other Justices concurred.